UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTO ENRIQUE INGA, *on behalf of himself and others similarly situated*<br><br>        Plaintiff,<br><br>        -v-<br><br>NESAMA FOOD CORP. d/b/a BIG ARC CHICKEN, et al.,<br><br>        Defendants. | CIVIL ACTION NO.: 20 Civ. 909 (ALC) (SLC)<br><br>**ORDER REGARDING DAMAGES INQUEST** |

**SARAH L. CAVE, United States Magistrate Judge.**

On January 7, 2021, Plaintiff Justo Enrique Inga filed a Motion to strike Defendants' answer and for the entry of a default judgment against Defendants (the "Motion" (ECF No. 37)). The Honorable Andrew L. Carter has referred this action to the undersigned for general pretrial supervision as well as to conduct an inquest and issue a report and recommendation on the Motion (ECF No. 43).

On a damages inquest, a plaintiff must provide evidence sufficient to permit the Court to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). Included with the Motion is a declaration from Plaintiff's counsel and supporting documentation (ECF No. 38), but the Motion does **not** include an affidavit from Plaintiff himself attesting to his allegations and damages. See de Los Santos v. Marte Construction, Inc., No. 18 Civ. 10748 (PAE) (KHP), 2020 WL 8549054, at *6 (S.D.N.Y. Nov. 25, 2020) (awarding damages following inquest based, in part, on plaintiffs' affidavits attesting to dates and hours worked).

Accordingly, by **Tuesday, July 20, 2021**, Plaintiff shall file: (i) an affidavit attesting to the allegations in his Complaint, including the dates, hours, and position(s) he worked for

Defendants; and (ii) proof of service of his affidavit on Defendants pursuant to Local Civil Rule 55.2(c). By **Tuesday, July 27, 2021,** Defendants shall have **<u>one final</u>** opportunity to file any opposition to Plaintiff's Motion.

<u>IF DEFENDANTS (1) FAIL TO RESPOND TO THE MOTION, OR (2) FAIL TO CONTACT MY CHAMBERS BY JULY 27, 2021 AND REQUEST AN IN-COURT HEARING, I INTEND TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES BASED ON PLAINTIFF'S WRITTEN SUBMISSIONS ALONE WITHOUT AN IN-COURT HEARING.</u> See <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997) ("'[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.'" (quoting <u>Fustok v. ContiCommodity Services Inc.</u>, 873 F.2d 38, 40 (2d Cir. 1989))).

Plaintiff is directed to serve this Order on Defendants and file proof of service no later than **July 20, 2021**.

Dated:      New York, New York
           July 12, 2021

**SO ORDERED**.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**