USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: \_\_\_08/16/2021\_\_\_\_\_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x
**JUSTO ENRIQUE INGA,** *on behalf of himself and others similarly situated*,

                               **Plaintiff,**

           -against-

**NESAMA FOOD CORP.** *d/b/a* **BIG ARC CHICKEN, ET AL.,**

                               **Defendants.**
------------------------------------------------------------------- x

**20-cv-00909 (ALC) (SLC)**

**OPINION & ORDER**

**ANDREW L. CARTER, JR., District Judge:**

Justo Enrique Inga (hereinafter, "Plaintiff" or "Mr. Inga") commenced this lawsuit on behalf of himself and others similarly situated against Nesama Food Corp. d/b/a Big Arc Chicken ("Nesama"), Mohammed El Hattab, and Abdellatif Mahmoud (collectively, "Defendants") in February 2020 under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, New York Labor Law ("NYLL"), §§ 190 *et seq.*, and New York's Wage Theft Prevention Act ("WPTA"), NYLL § 195. ECF No. 1. Defendants were each served with the Summons and Complaint on February 12, 2020. ECF Nos. 5-7. On March 4, 2020, Attorney Joey Tsai appeared on behalf of Defendants, ECF No. 10, and eventually, on April 17, 2020, he filed Defendants' Answer to the Complaint, ECF No. 15. The case was subsequently referred to Magistrate Judge Sarah L. Cave for General Pretrial. ECF No. 16. On September 22, 2020, Plaintiff's counsel filed a letter indicating that they had been informed that Defendants' counsel would be filing a motion to withdraw as attorney for Defendants. ECF No. 24. On September 25, 2020, Defendants' counsel responded to Plaintiff's letter indicating that he intended to file a motion to withdraw as attorney, and subsequently filed said motion. ECF Nos. 26-27. Attached

to Defendants' counsel's motion to withdraw was an affirmation by Defendant Mahmoud indicating that he intended to represent himself in the lawsuit going forward. ECF No. 29. On October 6, 2020, Judge Cave granted Defendants' counsel's motion to withdraw as attorney and ordered that by November 5, 2020 counsel for Defendant Nesama file a notice of appearance and that the individual defendants, Defendants Mahmoud and El Hattab, notify the Court whether new counsel would be appearing on their behalf or whether they would proceed *pro se*. ECF No. 31. Judge Cave advised Defendants that failure to respond to that order "may lead to entry of a certificate of default and a default judgment against Defendants." *Id.* On November 6, 2020, Judge Cave issued an order indicating that Defendants had failed to comply with her prior order and extended the deadline to comply until November 19, 2020. ECF No. 32. She once again reminded the parties that failure to respond to the order "may lead to the entry of a certificate of default and a default judgment against Defendants." *Id*. On November 24, 2020, after Defendants failed to comply with her prior two orders, she ordered Plaintiff to request a Certificate of Default from the Clerk of Court and to file a Motion for Default Judgment in accordance with the Individual Practices of the undersigned by no later than December 8, 2020. ECF No. 33. After seeking an extension, Plaintiff filed a Motion to Strike Defendants' Answer and for Entry of Default Judgment (the "Motion") and supporting memorandum of law on January 7, 2021. ECF Nos. 37, 39. Plaintiff served the Motion on Defendants that same day. ECF No. 40. On May 21, 2021, this Court referred the Motion to Judge Cave. ECF No. 43. On July 9, 2021, Judge Cave gave Defendants one final opportunity to notify the Court whether new counsel would be appearing on their behalf and reminded Defendants that corporations cannot proceed *pro se*, and that failure to appear through counsel could result in entry of default judgment. ECF No. 44. She further reminded Defendants that failure to respond to the order could "lead to the entry of a

certificate of default and default judgment against them." *Id*. No Defendants ever responded to Judge Cave's July 9, 2021 order. On July 12, 2021, Judge Cave ordered Plaintiff to file an affidavit attesting to the dates, hours, and position(s) he worked for Defendants and proof of service of said affidavit on Defendants. ECF No. 45. Judge Cave also provided one final opportunity for Defendants to file an opposition to Plaintiff's Motion. *Id.* She emphasized that if Defendants failed to respond to Plaintiff's Motion or failed to contact her chambers by July 27, 2021 to request an in-court hearing she intended to issue a report and recommendation concerning damages based on Plaintiff's written submissions alone, without an in-court hearing. *Id.* Defendants did not respond to Plaintiff's Motion nor contacted Judge Cave's chambers. Thus, on July 30, 2021, Judge Cave issued a Report and Recommendation (hereinafter, "Report") recommending Plaintiff's Motion be granted and that judgment be entered in favor of Plaintiff and against Defendants. ECF No. 48. No parties filed objections to Judge Cave's Report. For the reasons that follow, the Court adopts Judge Cave's Report in its entirety as the opinion of the Court.

## STANDARD OF REVIEW

A district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of a case. 28 U.S.C. §§ 636(b)(1)(A)-(C). Following the filing of a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations" within fourteen (14) days of being served with a copy of the report and recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). A district judge must undertake a *de novo* review of any portion of a magistrate judge's report that has been properly objected to. Fed. R. Civ. P. 72(b)(3). In the absence of objections, however, the Second Circuit has "adopted the rule that failure to object timely to a magistrate judge's report

may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *Graves v. Corr. Med. Serv.*, 667 F. App'x 18, 19 (2d Cir. 2016) (summary order) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)) (internal quotation marks omitted). In reviewing a report and recommendation free from objections, the district court reviews the report for clear error. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003); *see also Patterson v. Rock*, No. 09-cv-1038, 2012 WL 3245489, at *1 (S.D.N.Y. Aug. 3, 2012).

## DISCUSSION

In the Report, Judge Cave recommended Plaintiff's Motion to Strike Defendants' Answer and for Entry of Default Judgment be granted and that judgment be entered in favor of Plaintiff and against Defendants. *See generally* Report. Judge Cave thoroughly outlined the requirements of 28 U.S.C. § 636(b)(1) and Rule 72(b). Report at 36. Judge Cave stated that the parties had fourteen (14) days from the date of service to file any objections, and that failure to do so would "result in a waiver of objections and will preclude appellate review." *Id.* No party filed objections to the Report. *See* ECF. Thus, the parties have waived any right to further appellate review.

This Court has reviewed the Report for clear error and finds none. Accordingly, Judge Cave's well-reasoned Report and Recommendation is adopted in its entirety as the opinion of the Court.

## CONCLUSION

For the reasons herein, the Court adopts Judge Cave's Report and Recommendation in its entirety. Accordingly, Plaintiff's Motion to Strike Defendants' Answer and for Entry of Default Judgment is GRANTED. The Clerk of Court is directed to:

(i)   Strike Defendants' Answer, ECF No. 15;

(ii)  Enter Certificates of Default against Defendants;

(iii) Enter default judgment in favor of Plaintiff and against Defendants as follows:

    a. $1,050 for straight time wages,

    b. $84,895.40 for overtime wages,

    c. $84,895.40 in liquidated damages,

    d. $5,000 in statutory damages,

    e. $27,134.36 in pre-judgment interest,

    f. post-judgment interest pursuant to 28 U.S.C. § 1961,

    g. $12,490 in attorneys' fees and $400 in costs.

Plaintiff is hereby ORDERED to submit a proposed judgment reflecting the above by no later than August 17, 2021 at 12:00 P.M. After judgment has been entered, the Clerk of Court is directed to close this case.

**SO ORDERED.**

**Dated: August 16, 2021**
    **New York, New York**

_____
    **ANDREW L. CARTER, JR.**
    **United States District Judge**

5